Citation Nr: 1829747 
Decision Date: 07/30/18 Archive Date: 08/02/18

DOCKET NO. 15-21 436 ) DATE
 )
 )


THE ISSUE

Whether there was clear and unmistakable error (CUE) in a December 8, 2014 Board of Veterans' Appeals (Board) decision that determined that the Veteran's countable income was excessive for the purpose of VA pension benefits. 


ATTORNEY FOR THE BOARD

M. Thomas, Associate Counsel


FINDINGS OF FACT

1. The Veteran in this case served on active duty from September 1962 to December 1964.

2. The Veteran's motion alleging CUE did not set forth clearly and specifically the alleged CUE, or error(s) of fact or law, in the December 8, 2014 Board decision, the legal or factual basis for such allegation(s), and why the result would have been manifestly different but for the alleged error(s).


CONCLUSION OF LAW

Because the pleading requirements for a motion for revision of a decision based on clear and unmistakable error have not been met, the motion must be dismissed without prejudice to refiling. 38 C.F.R. § 20.1404(b) (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

In a December 8, 2014 decision, the Board determined that the Veteran's countable income was excessive for the purpose of VA pension benefits. In April 2015, the Veteran filed a motion for revision of the December 8, 2014 Board decision on the basis of CUE.

A motion for revision of a Board decision based on CUE must set forth clearly and specifically the alleged clear and unmistakable error, or errors, of fact or law in the Board decision, the legal or factual basis for such allegations, and why the result would have been manifestly different but for the alleged error. Nonspecific allegations of failure to follow regulations or failure to give due process, or any other general, non-specific allegations of error, are insufficient to satisfy this requirement. Motions which fail to comply with the requirements set forth in this paragraph shall be dismissed without prejudice to refiling. 38 C.F.R. § 20.1404(b) (2017).

In this case, the Board finds that the Veteran has not filed a CUE motion as to the December 8, 2014 Board decision that complies with the pleading requirements of 38 C.F.R. § 20.1404(b). The motion does not clearly and specifically state the alleged clear and unmistakable error(s) committed by the Board, nor does it contain specific allegation(s) of failure on the part of the Board to follow regulations. Rather, the Veteran has asked that the Board grant the Veteran's request for a waiver of overpayment and order that the pension benefits that had been previously terminated because of indebtedness be refunded. This is, in essence, a statement that the Veteran disagrees with the December 8, 2014 Board decision denying entitlement to pension benefits. However, the Veteran did not specify any error of fact or law in the December 8, 2014 Board decision.

As the Veteran does not appear to have identified any basis for finding CUE in the December 8, 2014 Board decision, the Board must find that his motion did not clearly and specifically state the alleged CUE, or error(s) of fact or law, in the Board decision, the legal or factual basis for such allegation(s), and why the result would have bene manifestly different but for the alleged error(s). Because the moving party's motion fails to comply with the requirements set forth in 38 C.F.R. § 20.1404(b) (2017), the motion is dismissed without prejudice.


ORDER

The motion is dismissed without prejudice to refiling.




 ____________________________________________
 S. B. MAYS
 Veterans Law Judge, Board of Veterans' Appeals


Only a final decision of the Board of Veterans' Appeals may be appealed to the United States Court of Appeals for Veterans Claims. 38 U.S.C. § 7252 (2012); Wilson v. Brown, 5 Vet. App. 103, 108 (1993) ("A claimant seeking to appeal an issue to the Court must first obtain a final BVA decision on that issue.") This dismissal under 38 C.F.R. § 20.1404(b) (2017) is not a final decision of the Board. 38 C.F.R. § 20.1409(b) (2017). This dismissal removes your motion from the Board's docket, but you may refile the motion at a later date if you wish.